UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLENE MORRIS,                                     CASE NO. 4:10cv296-RH/WCS

    Plaintiff,

vs.

TWIN OAKS JUVENILE DEVELOPMENT,
INC. d/b/a APALACHICOLA FOREST
YOUTH CAMP, and MATRIX EMPLOYEE
LEASING, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, CHARLENE MORRIS, hereby sues Defendants, TWIN OAKS JUVENILE DEVELOPMENT, INC. d/b/a/ APALACHICOLA FOREST YOUTH CAMP, and MATRIX EMPLOYEE LEASING, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624. This action is also filed under Chapter 440, Florida Statutes.

2. This is an action involving claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, CHARLENE MORRIS, has been a resident of the State of Florida and was employed by Defendants.  Plaintiff is a protected employee under the FMLA in that she worked for Defendants for at least 12 months and she worked at least 1,250 hours within the preceding 12 month period prior to her request for leave.  Plaintiff also had a serious health condition in 2008 in that she was experiencing trauma as a result of an assault by a student.  She requested reasonable leave for her mental health condition.

4.     At all times pertinent hereto, Defendants, TWIN OAKS JUVENILE DEVELOPMENT, INC. d/b/a/ APALACHICOLA FOREST YOUTH CAMP, and MATRIX EMPLOYEE LEASING, INC. have been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, each Defendant has been an "employer" as that term is used under the applicable laws identified above.  Each Defendant has also been engaged in commerce and/or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2007, 2008, and 2009.

## STATEMENT OF THE ULTIMATE FACTS

5.     Plaintiff was originally employed with Defendants in September 2007 in the position of Reading Teacher.

6.     On October 8, 2008, Plaintiff sustained a work related injury in that she was hit by a youth committed to the camp.  Thereafter, Plaintiff sought workers' compensation

benefits under Chapter 440, Florida Statutes. Plaintiff was thereafter off work for three days. During that three day period, Plaintiff filed a police report against the student and she started seeing a counselor. When Plaintiff returned back to work on the fourth business day since the injury, the same student who hit her was still assigned to her class.

7. Plaintiff was traumatized by the injury and had a physical/emotional reaction after seeing this student again. On the day of her return to work, after seeing the student, Plaintiff went to her supervisor, Laura Sullivan, and told her that she needed leave time due to the stress and trauma caused by the work related injury sustained on October 8, 2008.

8. Plaintiff then called in sick the following day and otherwise attempted to get in touch with Ms. Sullivan after leaving unreturned messages. When Ms. Sullivan called her back, she told Plaintiff that her leave time was not approved and that she needed to return to work. Plaintiff told her supervisor again that she needed time off work to recover from her injuries and from the emotional trauma from the assault. The supervisor still insisted that Plaintiff return to work although the supervisor knew that she was emotionally unable to do so and had requested time off.

9. Plaintiff was constructively terminated the following day.

10. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendants should be made to pay said fee under the laws applicable to this case.

## COUNT I

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

11.     Paragraphs 1-10 are incorporated herein by reference.

12.     This is an action against Defendants for failing to advise Plaintiff of her ability to take leave under the FMLA, for Plaintiff taking leave for a serious medical condition, and for terminating Plaintiff for taking leave that would have been authorized under the FMLA.

13.     In October 2008, Plaintiff availed herself of a right protected by the FMLA by requesting leave due to a serious medical condition. She requested time off work for her emotional condition caused by the stress from her physical injury.

14.     Plaintiff was never provided notice of her right to take leave under the FMLA and, after requesting and taking leave for a serious health condition, Defendants took adverse personnel actions against her for taking leave and/or requesting leave. It thus interfered with Plaintiff's right to FMLA leave and then retaliated against her for taking FMLA protected leave.

15.     Plaintiff was denied rights and benefits conferred by the FMLA and was constructively terminated after requesting leave.

16.     As a direct and proximate cause of Defendants' willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages

including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job.  These damages have occurred in the past, are occurring at present and will continue in the future.

17.	Defendants' violations of the FMLA were willful.

## COUNT II

## VIOLATION OF §440.205, FLORIDA STATUTES

18.	Paragraphs 1-10 are hereby realleged and reincorporated as if set forth in full herein.

19.	This is an action against Defendants for retaliation after Plaintiff sought benefits under Chapter 440, Florida Statutes.

20.	After Plaintiff filed her claim for worker's compensation0benefits under Chapter 440, Florida Statutes, she was set up to be terminated.  She was denied time off due to her medical injury after she requested compensation and benefits under Chapter 440 and during her recovery from her on-the-job injury.

21.	Defendants retaliated against Plaintiff for her valid claim for compensation and benefits under the Workers' Compensation laws and because of the exercise of her rights under Chapter 440, Florida Statutes, by its actions and inactions, which include but are not limited to Plaintiff's constructive termination.

22.	Defendants' actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendants, from coercing, retaliating against or otherwise

adversely affecting an employee who attempts to or does claim entitlement to worker's compensation benefits under the laws of the State of Florida.

23.     As a direct and proximate cause of Defendants' violations of §440.205, Florida Statutes, Plaintiff has been injured, which injuries include but are not limited to mental pain and suffering, mental anguish, loss of capacity for the enjoyment of life, lost wages and other pecuniary benefits attendant to her employment with Defendants and other tangible and intangible injuries.  These damages have occurred in the past, are occurring at present and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

  (f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 28th day of July, 2010.

            MARIE A. MATTOX, P.A.
            310 East Bradford Road
            Tallahassee, FL 32303
            (850) 383-4800 (telephone)
            (850) 383-4801 (facsimile)


            /s/ Marie A. Mattox
            Marie A. Mattox; FBN 0739685
            ATTORNEYS FOR PLAINTIFF